UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LAMAR ADVERTISING COMPANY, ET AL.

VERSUS

LIBERTY MUTUAL FIRE INSURANCE COMPANY

CIVIL ACTION

NO. 10-620-JJB

RULING

This matter is before the Court on cross motions for summary judgment. Plaintiff Lamar Advertising Company, et al. ("Lamar") filed a motion (doc. 10) for partial summary judgment, which defendant Liberty Mutual Insurance Company has opposed (doc. 17). Liberty Mutual also filed a cross motion for summary judgment (doc. 12), which plaintiff has opposed (doc. 16). Oral argument is not necessary.

The insurance policy at issue was in place as of January 2005 and at the time that plaintiff incurred damage to its billboards, highway signs, and outdoor advertising displays ("billboards") as a result of Hurricanes Ike and Gustav. Both parties agree the hurricanes were a covered peril under the policy. Plaintiff's suit argues its billboards were covered under the policy as "Unscheduled Locations." Defendant has denied plaintiff's claims, asserting that plaintiff's billboard losses were not covered as "Unscheduled Locations" because plaintiff failed to report the billboards as required for coverage. In its motion for partial summary judgment, plaintiff requests that this court recognize the Description of Operations it provided in its initial application as "reporting" sufficient to satisfy the policy requirements and extend Unscheduled Location coverage to the

1

billboards.  In its cross motion for summary judgment, defendant requests that the court find the Description of Operations does not satisfy the reporting requirement for Unscheduled Locations. Instead, defendant contends the billboards are covered, if at all, only as Miscellaneous Non-scheduled Locations. Thus, both parties agree the primary issue before the court is whether or not Lamar's inclusion of the billboards in its initial application and "Description of Operations" satisfies the reporting requirement in the policy.

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Interpretation of an insurance contract presents a question of law and is therefore an issue appropriate for determination by summary judgment.  *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 878 (5th Cir. 2009).

In a diversity case involving "the interpretation of insurance policies issued in Louisiana for property located in Louisiana," Louisiana substantive law is controlling. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007). Under Louisiana law an insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003). The first step required by Louisiana law is to determine whether the relevant language is ambiguous on its face. *Consol. Co. v. Lexington Ins. Co.*,

616 F.3d 422, 429 (5th Cir. 2010). Where the policy language at issue is "clear and explicit," words must be given their "generally prevailing meaning," no further interpretation may be made in search of the parties' intent, and the insurance contract must be enforced as written. LA. CIV. CODE art. 2046; *Cadwallader*, 848 So. 2d at 580. If the policy language is not clear, the court may consider extrinsic evidence to determine the intent of the parties, typically construing language in accordance with general use. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 206; LA. CIV. CODE art. 2045. Any ambiguity remaining after the application of rules of construction should be interpreted in favor of the insured. LA. CIV. CODE art. 2056.

A term in an insurance policy is not ambiguous simply because it is not defined. *Sumner v. Mathes*, 52 So. 3d 931 (La. App. 4 Cir. 2010). Terms of an insurance policy are ambiguous when they are susceptible to two or more reasonable interpretations. *Bonin v. Westport Ins. Corp.*, 930 So. 2d 906, 911 (La. 2006); *Cadwallader*, 848 So. 2d at 580. Furthermore, a court is not permitted to construe clear and explicit terms of a policy as ambiguous, *Muller v. A-1 Mobile Shredding, L.L.C.*, 33 So. 3d 285, 288 (La. App. 5 Cir. 2010), and should not strain to find ambiguity in an insurance policy where none exists. *Burns v. Couvillion*, 53 So. 3d 540, 546 (La. App. 3 Cir. 2010).

The definition of Unscheduled Locations under the policy is as follows:

**Unscheduled locations means:**

1. **Real property** reported to **us**, but not shown in the Schedule, which **you** owned or occupied before the **effective date**; and

3

2. Locations reported to **us**, but not shown on the Schedule, at which **you** had **personal property** before the **effective date** other than **new locations**.

Plaintiff argues that, since no reporting method was specified, it had full discretion as to the nature and method of reporting, and that the Description of Operations[1] in the initial application "provided all the information . . . required." Conversely, defendant argues that the policy is clear, the plain meaning of the term "report" applies, and plaintiff's Description of Operations fails to satisfy the reporting requirements for coverage of the billboards as Unscheduled Locations. Rather, the defendant contends the billboards are covered under the Miscellaneous Non-Scheduled Location Extension.

The plaintiff counters that, in addition to its contention that the Description of Operations satisfies the plain meaning of the word "report," case law supports a finding that plaintiff's actions satisfied the reporting requirement. Plaintiff contends that the court in *Stan-Blast Abrasives Co. v. Lexington Ins. Co.,* 532 So. 2d 861 (La. App. 4 Cir. 1988) held that, where an insurer failed to specify a reporting method, the reporting method was left to the discretion of the insured and the insured's verbal report satisfied the requirement. Defendant rightly responds that plaintiff's use of *Stan-blast* is errant.[2] Instead, defendant argues that, while the court in *Stan-blast* did find that an insured's verbal report was sufficient where the insurer did not specify a reporting method, the applicable rule

---

[1] The Description of Operations in the initial application described Lamar as "one of the largest and most experienced owners and operators of outdoor advertising structures in the United States" and stated, "[c]urrently, Lamar operates more than 149,000 billboards and more than 97,500 logo sign displays across the country."
[2] Lamar does not appear to be arguing that it ever verbally reported the billboards to Liberty Mutual.

4

from *Stan-blast* is that some form of reporting was required even where the method was unspecified.

The court agrees with the defendant and finds that the term "report," as used in this insurance policy, is not ambiguous, based upon the plain meaning of the term and as supported by case law. It is not necessary to isolate any single definition of "report" since multiple reasonable definitions establish, at minimum, that "report" necessitates that the insured "relate" or "give an account of" the subject being reported.[3] Plaintiff's Description of Operations does not satisfy the plain meaning of report for purposes of the insurance coverage at issue. Case law also supports this finding. Even accepting plaintiff's contention that the policy at issue granted the insured discretion in the nature, extent, manner, or method of reporting, the holding in *Stan-blast* shows that *some* form of reporting was still required. Here, the plaintiff failed to meet any reasonable definition of report. Thus, pursuant to the parties' agreement, the billboards were not reported to the defendant and therefore not covered as Unscheduled Locations under the policy at issue. We need not address arguments regarding extrinsic evidence because, in the absence of ambiguity, there is no need to consider extrinsic evidence. *See* LA. CIV. CODE art. 2046; *Doerr v. Mobil Oil Corp.*, 774 So. 2d 119, 124 (La. 2000).[4]

---

[3] Dictionary definitions may be used to determine plain meaning. *Reilly-Benton Co. v. Liberty Mutual Ins. Co.*, 278 So. 2d 24, 28 (La. 1973). The Merriam-Webster definition of report is "to give an account of; relate . . . to describe as being in a specified state." MERRIAM-WEBSTER, http://merriam-webster.com (last visited June 13, 2011). The Oxford English Dictionary definition is "to give an account of; to relate, recount, tell; to describe." OXFORD ENGLISH DICTIONARY, http://www.oed.com (last visited June 13, 2011).

[4] Were the policy somehow deemed ambiguous, a consideration of the extrinsic evidence also weighs in favor of defendant's position. Plaintiff argues that information on the billboards was "continuously

Given that plaintiff's billboards were not covered as Unscheduled Locations in the policy at issue, the Court also agrees with the defendant that plaintiff's claim of bad faith is meritless. A successful claim of bad faith generally requires that the insured establish that the denied claim was in fact covered under the disputed policy. *Carter v. Davis*, 673 So. 2d 362, 364 (La. App. 1 Cir. 1996). Here, the plaintiff has not met that burden. Additionally, an insurer who has a "reasonable basis for denying coverage or reasonable doubts as to whether coverage applies" is not acting in bad faith. *Rainbow USA, Inc. v. Nutmeg Ins. Co.*, 612 F. Supp. 2d 716, 732 (E.D. La. 2009). Here, the insurer surely had a "reasonable basis" for denying the disputed claim since the disputed damage was not reported and therefore not covered under the policy.

Accordingly, defendant's motion (doc. 12) for summary judgment is hereby GRANTED, and plaintiff's motion (doc. 10) for partial summary judgment is DENIED.

Signed in Baton Rouge, Louisiana, on July 5, 2011.

                                **JUDGE JAMES J. BRADY**
                                **UNITED STATES DISTRICT COURT**
                                **MIDDLE DISTRICT OF LOUISIANA**

---

available" on their company web site via links to the Accounts Overview page and links to their filing with the Security & Exchange Commission (SEC). To the extent this information is offered as evidence of reporting, it may easily be dismissed since the information was not conveyed to the defendant as required under the plain meaning of the word "report." This information may also be dismissed to the extent it is offered to demonstrate the intent of the parties; notably, the plaintiff states in SEC filings during the years of the policy at issue that plaintiff made the business decision not to insure their product.